# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption:     Griffin v. Massachusetts Department of Revenue

District Court Number:     22cv11991-FDS

Fee:     Paid?   Yes _____   No __X__   Government filer _____   *In Forma Pauperis* Yes _____   No _____

Motions Pending     Yes _____ No __X__          Sealed documents     Yes _____ No __X__
*If yes, document #*     _____          *If yes, document #*     _____

*Ex parte* documents   Yes _____ No __X__          Transcripts          Yes _____ No __X__
*If yes, document #*     _____          *If yes, document #*     _____

Notice of Appeal filed by: Plaintiff/Petitioner __X__   Defendant/Respondent _____   Other: _____

Appeal from:

#15 Memorandum and Order, #16 Order of Dismissal

Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

#15, #16, and #17

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # ___17___ filed on ___August 9, 2023___.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on ___August 10, 2023___.

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL,ProSe

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:22-cv-11991-FDS

Griffin v. Massachusetts Department of Revenue
Assigned to: Chief Judge F. Dennis Saylor, IV
Cause: 42:1981 Civil Rights

Date Filed: 11/22/2022
Date Terminated: 07/21/2023
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Kimberly A. Griffin**
*formerly known as*
Kimberly A. Leczynski

represented by **Kimberly A. Griffin**
PO Box 52
Dracut, MA 01826
PRO SE

V.

**Defendant**

**Massachusetts Department of Revenue**

represented by **Jeffrey T. Collins**
Morgan, Brown & Joy
200 State Street
11th Floor
Boston, MA 02109
617-788-5024
Fax: 617-367-3125
Email: jcollins@morganbrown.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2022 | 1 | COMPLAINT against Massachusetts Department of Revenue, filed by Kimberly A. Griffin. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form, # 3 Proposed Summons)(Dore, Samantha) (Entered: 11/22/2022) |
| 11/22/2022 | 2 | ELECTRONIC NOTICE of Case Assignment. Chief Judge F. Dennis Saylor, IV assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge M. Page Kelley. (Finn, Mary) (Entered: 11/22/2022) |
| 11/22/2022 | 3 | Summons Issued as to Massachusetts Department of Revenue. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Dore, Samantha) (Entered: 11/22/2022) |

| 11/22/2022 | 4 | Copy re 3 Summons Issued, 1 Complaint mailed to Kimberly A. Griffin on 11/22/2022. (Dore, Samantha) (Entered: 11/22/2022) |
| 11/29/2022 | 5 | Filing fee/payment: $ 402.00, receipt number 100001206 for 1 Complaint (Barbosa, Nilsa) (Entered: 11/29/2022) |
| 01/04/2023 | 6 | NOTICE of Appearance by Jeffrey T. Collins on behalf of Massachusetts Department of Revenue (Collins, Jeffrey) (Entered: 01/04/2023) |
| 01/04/2023 | 7 | Assented to MOTION for Extension of Time to 01/24/2023 to File Answer *Responsive Pleading* by Massachusetts Department of Revenue.(Collins, Jeffrey) (Entered: 01/04/2023) |
| 01/06/2023 | 8 | Chief Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 7 Assented to MOTION for Extension of Time to 01/24/2023 to File Answer *Responsive Pleading* Massachusetts Department of Revenue answer due 1/24/2023. (McKillop, Matthew) (Entered: 01/06/2023) |
| 01/23/2023 | 9 | Assented to MOTION for Extension of Time to 02/03/2023 to File Response/Reply *a Responsive Pleading* by Massachusetts Department of Revenue.(Collins, Jeffrey) (Entered: 01/23/2023) |
| 01/23/2023 | 10 | Chief Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 9 Assented to MOTION for Extension of Time to 02/03/2023 to File Response/Reply (McKillop, Matthew) (Entered: 01/23/2023) |
| 02/03/2023 | 11 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Massachusetts Department of Revenue.(Collins, Jeffrey) (Entered: 02/03/2023) |
| 02/03/2023 | 12 | MEMORANDUM in Support re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Massachusetts Department of Revenue. (Attachments: # 1 Exhibit A)(Collins, Jeffrey) (Attachment 1 replaced separated from additional exhibit. Additional attachment(s) added on 2/3/2023: # 2 Exhibit B) (de Oliveira, Flaviana). (Entered: 02/03/2023) |
| 02/21/2023 | 13 | Opposition re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Kimberly A. Griffin. (de Oliveira, Flaviana) (Entered: 02/21/2023) |
| 02/21/2023 | 14 | MEMORANDUM in Support of Plaintiff's Opposition re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Kimberly A. Griffin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C). (de Oliveira, Flaviana) (Entered: 02/21/2023) |
| 07/20/2023 | 15 | Chief Judge F. Dennis Saylor, IV: ORDER entered. MEMORANDUM AND ORDER.<br><br>For the foregoing reasons, the motion of defendant Massachusetts Department of Revenue to dismiss the complaint for failure to state a claim is GRANTED.<br><br>**So Ordered.** (de Oliveira, Flaviana) (Entered: 07/21/2023) |
| 07/20/2023 | 16 | Chief Judge F. Dennis Saylor, IV: ORDER entered. ORDER DISMISSING CASE. (de Oliveira, Flaviana) (Entered: 07/21/2023) |
| 08/09/2023 | 17 | NOTICE OF APPEAL as to 16 Order Dismissing Case, 15 Memorandum & ORDER, by Kimberly A. Griffin NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer** |

**Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 8/29/2023. (de Oliveira, Flaviana) (Entered: 08/10/2023)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KIMBERLY A. GRIFFIN, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | 22-cv-11991-FDS |
| | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS

**SAYLOR, C.J.**

This case involves a Title VII challenge to the denial of an employee's request for religious exemption from a mandatory COVID-19 vaccination policy. Plaintiff Kimberly A. Griffin was employed as a tax auditor by the Massachusetts Department of Revenue ("DOR"), and was terminated when she refused to be vaccinated. She contends that her dismissal was based on unlawful religious discrimination. She is proceeding *pro se*.

Griffin contends that she has a sincerely held religious belief that she should not be vaccinated against COVID-19; in her words, "I have closely contemplated with God and have been shown that I should not receive the COVID-19 vaccine." She has not alleged that she is a member of any specific church or faith, or other form of organized religion.

For present purposes, the Court will assume that plaintiff believes in God in her own individualized way, and that she holds that belief sincerely. She was not, however, terminated because she believes in God; she was terminated because she refused to be vaccinated.

Defendant DOR has moved to dismiss the complaint for failure to state a claim upon which relief can be granted.  The central question is whether a simple allegation that plaintiff prayed to God and was "shown" that she should not receive the vaccine—without more—is sufficient to support a claim of religious discrimination.  For the reasons that follow, the Court concludes that it is not, and therefore the motion to dismiss will be granted.

## I.      Background

The Court relies on the complaint and certain documents provided by the parties, to the extent they were "sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).[1]

Plaintiff used a form complaint, without any attached exhibits, and therefore the alleged facts are relatively minimal.  Specifically, the complaint does not allege any facts related to her religious beliefs; it simply states that MDOR determined that her religious beliefs were not sincere and denied her request for exemption on that basis.

Nonetheless, the Court will consider certain exhibits attached by the parties to their briefs as documents incorporated by reference in the complaint.  Those exhibits are (1) plaintiff's request for an exemption, (2) a follow-up e-mail explaining her responses, (3) MDOR's denial of her request, (4) plaintiff's follow-up e-mails requesting an opportunity for further discussion or reconsideration, and (5) plaintiff's e-mail stating her objection to her termination.

### A.      Factual Background

Kimberly A. Griffin was employed as a tax auditor for MDOR.

On August 19, 2021, the Commonwealth of Massachusetts adopted a mandatory COVID-

---

[1] On a motion to dismiss, a court may properly take into account certain types of documents outside the complaint without converting the motion into one for summary judgment:  (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint.  *Watterson*, 987 F.2d at 3.

19 vaccination policy for executive department employees.  The policy provided for exemption for medical or religious reasons.  Mass. Exec. Order No. 595, Implementing a Requirement for COVID-19 Vaccination for the Commonwealth's Executive Department Employees.

In October 2021, Griffin submitted a request for a religious exemption from the vaccine requirement.  (Def.'s Ex. A).  In her exemption request form, Griffin stated, "I have a sincerely held religious belief that I should not receive the COVID-19 vaccine." (*Id.* at 1).  Her requested accommodations included "[t]elecommuting and mask wearing when in person visits are required." (*Id.*).

When asked by e-mail to expand on how the COVID-19 vaccine conflicted with her religious beliefs, she replied, "My sincerely held religious belief is that I should not receive the COVID-19 vaccine.  I have closely contemplated with God and have been shown that I should not receive the COVID-19 vaccine.  Therefore, the COVID-19 vaccine specifically conflicts with my sincerely held religious belief." (*Id.* at 3).  She also wrote that she had held the religious beliefs "[a]s long as [she could] remember," and that her beliefs "include objections to other vaccines and/or medicines." (*Id.*).  She declined to provide information on any vaccines she had received in the past.  (*Id.*).

Griffin's request for exemption was denied on October 22, 2021.  (Compl. Sec. III; Def's Ex. B).  The MDOR exemption response stated that she had not explained "how a COVID-19 vaccine conflicts with her sincerely held religious beliefs," and provided "no religious principles that guide her objection." (Def.'s Ex. B).  Noting her refusal to provide evidence of past objections to other vaccines or medicine, the form further stated:  "Griffin refuses to provide information sufficient to enable [] DOR to find that her objection to the COVID-19 vaccination is based on a sincerely held religious belief as opposed to an isolated personal choice." (*Id.*).

3

According to the complaint, Griffin "made multiple requests to discuss [her belief and accommodation request] but was denied." (Compl. Sec. III).  In an e-mail to the Director of the Office of Diversity and Equal Opportunity at MDOR, she expressed her disagreement with the decision and wrote:  "I don't know how to demonstrate this belief other than through my word and the action of potentially sacrificing my employment with DOR which provides for my family and livelihood; Certainly this is not a personal choice." (Pl.'s Ex. A).  On November 12, 2021, she e-mailed Joshua Prada, counsel at the Office of Labor Relations at MDOR, seeking reconsideration of the decision.  (Pl.'s Ex. B).  Prada responded that the Commonwealth was not reconsidering any exemption decisions, and that he did not have the authority to independently review her request.  (*Id.*).

On November 18, 2021, MDOR terminated her employment for "continued non-compliance" with the vaccine mandate.  (Compl. sec. III; Pl.'s Ex. C).[2]  Griffin responded reiterating her disagreement with MDOR's reasoning and process, including the alleged failure to provide an interactive process or to consider the reasonableness of her accommodation request.  (Pl.'s Ex. C).

Griffin filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and was issued a Right to Sue notice.  (Compl. sec. III).

B.     **Procedural Background**

On November 22, 2022, plaintiff filed a *pro se* complaint alleging that MDOR violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and MDOR's internal policy when it improperly denied her COVID vaccine exemption request without cause and without

---

[2] The complaint states that she was terminated on November 19, but the "notice of termination" attached as an exhibit to her reply was sent on November 18.

engaging in an interactive process.[3]  She seeks damages for lost wages, a settlement on the loss

of expected future pension receipts, and court costs.

MDOR has moved to dismiss the complaint for failure to state a claim upon which relief

can be granted.[4]

## II.   **Legal Standard**

On a motion to dismiss made pursuant to Rule 12(b)(6), the court "must assume the truth

of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences

therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing

*Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the

complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to

relief above the speculative level, . . . on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 556).  Dismissal is appropriate if the complaint fails to set forth "factual allegations,

either direct or inferential, respecting each material element necessary to sustain recovery under

some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting

*Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

---

[3] The complaint does not provide any detail concerning the precise terms of the alleged policy. Nonetheless, both parties agree that the policy required all MDOR employees to be vaccinated against COVID-19, and provided exemptions for medical and religious reasons.

[4] Although MDOR has moved to dismiss pursuant to Mass. R. Civ. P. 12(b)(1) and 12(b)(6), the Court will assess the motion as if brought under Fed. R. Civ. P. 12(b)(6).

Because plaintiff is proceeding *pro se*, the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *see also Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000).  Where the court cannot ascertain the nature and basis of any legitimate claims, however, it is under no obligation to rewrite the pleadings on her behalf.  *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. App'x 274, 276-277 (11th Cir. 2008) ("While a trial judge is to employ less stringent standards in assessing *pro se* pleadings than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." (alterations and citation omitted)).

III.   **Analysis**

Title VII prohibits employers from discriminating against employees on the basis of religion.  42 U.S.C. § 2000e-2(a).  Claims of religious discrimination under Title VII are analyzed under a two-part framework.  *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004).  First, a plaintiff must make a *prima facie* case "that a *bona fide* religious practice conflicts with an employment requirement and was the reason for the adverse employment action."  *Id.*  Second, if the plaintiff establishes a *prima facie* case, "the burden then shifts to the employer to show that it offered a reasonable accommodation," or if it did not, "that doing so would have resulted in undue hardship."  *Id.*

To qualify as a *bona fide* religious practice, a two-part test must be satisfied:  the plaintiff must show "both that the belief or practice is religious and that it is sincerely held."  *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 56 (1st Cir. 2002).  Here, defendant does not appear to challenge the sincerity of plaintiff's

belief.  Instead, it contends that the complaint fails to plausibly allege that her belief or practice

derives from a religion.

### A.        The Requirement That the Belief or Practice Is Religious

Title VII defines "religion" as including "all aspects of religious observance and practice,

as well as belief . . . ."  42 U.S.C. § 2000e(j).  There are a multitude of difficulties in assessing

whether a particular belief arises from a religion, as opposed to a set of moral, ethical, political,

medical, or personal values.[5]  Indeed, the First Circuit has observed that Title VII's "capacious

definition" of religion "leaves little room for a party to challenge the religious nature of an

employee's professed beliefs."  *Union Independiente*, 279 F.3d at 56.  And courts confronted

with Title VII religious-discrimination issues often simply assume that plaintiffs have established

a *prima facie* case and resolve matters on other grounds.  *See, e.g.*, *Robinson v. Children's Hosp.*

*Bos.*, 2016 WL 1337255, at *6 (D. Mass. Apr. 5, 2016) (assuming at summary judgment stage

"that [plaintiff] can establish a *prima facie* case that her refusal to take the influenza vaccination

is based on a sincerely held, *bona fide* religious belief"); *Cloutier*, 390 F.3d at 132 (avoiding the

"thorny question" of whether a belief was religious and resolving the case on reasonable

accommodation grounds).

It is clear, of course, that courts cannot delve into the merits of a particular religious

belief.  To qualify as religious, beliefs need not be "acceptable, logical, consistent, or

---

[5] The EEOC has defined "religious practices" to include "moral and ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views."  29 C.F.R. § 1605.1.

That definition is, at the very least, problematic.  A devout follower of Jainism, for example, practices vegetarianism; that is a tenet of the religion.  A vegan may have an equally strong and sincerely held view that it is wrong to eat meat—but that is a moral or ethical view, not a religious view.  To hold otherwise is to stretch the meaning of the term "religion" far beyond any reasonable meaning of the term.  *See Fallon v. Mercy Cath. Med. Ctr. of SE. Pa.*, 200 F. Supp. 3d 553, 563 (E.D. Pa. 2016), *aff'd*, 877 F.3d 487 (3d Cir. 2017) (stating that the EEOC guidelines are not binding upon courts and that allowing a plaintiff to "only show a strongly held moral or ethical belief in lieu of a sincere religious belief would contravene Third Circuit and Supreme Court precedent," including *United States v. Seeger*, 380 U.S. 163 (1965) and *Welsh v. United States*, 398 U.S. 333 (1970)).

comprehensible to others." *Union Independiente*, 279 F.3d at 56 (quoting *Thomas v. Review Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981)).  And it is likewise clear that courts cannot favor any form of religion over another.

Nonetheless, the requirement of a *bona fide* religious belief must have some meaning. "Title VII does not mandate an employer . . . to accommodate what amounts to a 'purely personal preference.'"  *Union Independiente*, 279 F.3d at 56 (quoting *Vetter v. Farmland Indus., Inc.*, 120 F.3d 749, 751 (8th Cir. 1997)).  Some level of inquiry must therefore be undertaken to assess whether a belief arises from a religion, as opposed to some other set of values or beliefs.

In *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487 (3d Cir. 2017), the Third Circuit concluded that a plaintiff raising a religious objection to a flu vaccine requirement had not alleged a *bona fide* religious belief under Title VII.  *Id.* at 492-93. The court defined "religion" as (1) address[ing] fundamental and ultimate questions having to do with deep and imponderable matters;" (2) "a belief-system" that is "comprehensive in nature . . . as opposed to an isolated teaching;" and (3) often marked "by the presence of certain formal and external signs."  *Id.* at 491 (quoting *Africa v. Commonwealth of Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981)).[6]  As examples of such signs, the court pointed to "formal services, ceremonial functions, the existence of clergy, structure and organization, efforts at propagation, observation of holidays and other similar manifestations associated with the traditional religions."  *Id.* at 492 (quoting *Malnak v. Yogi*, 592 F.2d 197, 209 (3d Cir. 1979) (Adams, J., concurring).  It then concluded that the plaintiff's belief that the flu vaccine "may do

---

[6] Some courts have adopted, as a standard for assessing whether a belief or practice is religious, "whether a given belief that is sincere and meaningful occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God."  *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013) (quoting *United States v. Seeger*, 380 U.S. 163, 165-66 (1965)).

more harm than good" was medical, rather than religious, and that his belief that one should not harm his own body was an "isolated moral teaching." *Id.* at 492.

It is certainly true that a religious faith may be entirely individualized, and need not be practiced through a church or other organization. "A personal religious faith is entitled to as much protection as one espoused by an organized group." *Vinning-El v. Evans*, 657 F.3d 591, 593 (7th Cir. 2011); s*ee* 29 C.F.R. § 1605.1 ("The fact that no religious group espouses such beliefs or the fact that the religious group to which the individual professes to belong may not accept such belief will not determine whether the belief is a religious belief of the employee or prospective employee.").

There are, however, considerable practical issues posed by a claim of individualized religious faith. Among other things, if the claimed faith has no "formal and external signs," *Fallon*, 877 F.3d at 491, or other objective manifestations—for example, if it has no scripture, clergy, services, or organization—that leaves only the employee's subjective belief. That, in turn, may make it exceptionally challenging for employers to administer employment policies fairly, or for courts to resolve disputes arising from such professions of faith.

It is no answer to simply say that the standard is whether the belief is sincerely held; that means that the two-part standard has been collapsed into a single inquiry. And because "sincerity of belief" is not normally susceptible to resolution on a motion to dismiss or for summary judgment, even the most frivolous claims of religious belief would be difficult to screen at an early stage. *See Union Independiente*, 279 F.3d at 56 ("Credibility issues such as the sincerity of an employee's religious belief are quintessential fact questions.").

In any event, the issue in this case is *not* whether plaintiff has asserted a plausible claim that she has a personal religious faith. The Court will assume, for present purposes, that she

9

does—in other words, that she believes in God, in her own unique and individual way.  And the Court will likewise assume, as it must, that her belief is entirely sincere.

But that alone is not enough.  Plaintiff does not claim that she has suffered unlawful discrimination because she believes in God.  Rather, she claims that she has suffered unlawful discrimination because she was required to comply with the COVID-19 vaccination requirement.  The critical question, therefore, is whether the complaint alleges sufficient plausible facts from which it could be reasonably inferred that being vaccinated against COVID-19 violates a tenet or principle of her religious belief.  *Twombly*, 550 U.S. at 570.

As a starting point, it is surely true that the courts are not required to accept, at face value, any claim that a particular employment practice violates a religious requirement.  Compare, for example, the following hypothetical involving two employees.  One is an Orthodox Jew who contends that he cannot work on Saturday without violating the requirements of his faith.  The other is an individual who claims that he must work remotely on all days because he believes in God, and God has advised him that he should never commute.  Arguably, those two claims should be entitled to equal deference, as both involve a claim of religious conflict with an employment requirement.  But that would be entirely unworkable, indeed absurd.  Courts (and, for that matter, employers) must have *some* ability to assess the basis of such idiosyncratic claims, even if that assessment must necessarily be circumscribed so as not to be unduly intrusive.  And courts cannot be limited solely to a determination of the subjective sincerity of the employee's religious belief.

Accordingly, a plaintiff who claims exemption from an employment requirement for religious reasons must plead some modicum of plausible facts sufficient to create an inference that the conflict arises from some specific religious tenet or principle.  What is sufficient will no

doubt vary from case to case; as a practical matter, well-established religious practices (such as the unwillingness of an observant Muslim or Jew to eat pork, or the requirement that an observant Sikh wear a turban) may require substantially less detailed pleading than a highly individualized claim.  Still, the claim must be sufficiently plausible to withstand dismissal.

Under the circumstances presented here, the Court concludes that a simple *ipse dixit* by the plaintiff—"this employment requirement conflicts with my religion"—is not sufficient to allege such a claim.  A stated claim of religious belief, without more, cannot grant an individual "a blanket privilege 'to make his own standards on matters of conduct in which society as a whole has important interests.'"  *Africa*, 662 F.2d at 1031 (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972)).

And that is particularly true for vaccines, given the strong societal interest in public health and the protection of innocent parties from unnecessary exposure to disease.  *See, e.g.*, *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465-66 (M.D. Pa. 2022) (plaintiff's belief that COVID-19 vaccine was harmful and unnecessary and interfered with her "God given right to make [her] own choices" was not religious); *Brox v. Hole*, 590 F. Supp. 3d 359, 366 & n.7 (D. Mass. 2022) (in case brought under Massachusetts equivalent to Title VII, stating that the reasons offered by plaintiffs for rejecting the COVID-19 vaccine—including "I believe my God will guide me and protect me and [God] has told me not to get the vaccine at this time"—had "no grounding in religious practice" and were "expressions of idiosyncratic personal belief").  *But see Sherr v. Northport-E. Northport Union Free Sch. Dist.*, 672 F. Supp. 81, 94 (E.D.N.Y. 1987) (concluding that plaintiff's "pantheistic" beliefs "replete with reference to 'God'" were religious for purpose of New York statute exempting participation in vaccination program).

In short, plaintiff is entitled to practice her religion in her own individualized way,

11

without undue interference or discrimination.  Nonetheless, courts are empowered to screen claims of religious discrimination that arise out of *bona fide*, facially neutral employment requirements, where the claim of religious practice appears to be entirely *ad hoc* or otherwise without a plausible factual basis.  The question then becomes whether the allegations of the complaint here are sufficient to withstand that relatively limited level of scrutiny.

**B.      Whether the Complaint Is Sufficient to Allege a Religious Practice**

Plaintiff's statement of religious principles in her request for exemption consisted solely of the following statement:  "I have a sincerely held religious belief that I should not receive the COVID-19 vaccine." (Def.'s Ex. A).  In her communications with MDOR, she elaborated that she had "closely contemplated with God and [had] been shown that [she] should not receive the COVID-19 vaccine." (Def.'s Ex. B).

Those statements are nothing more than a bare representation that the basis of plaintiff's objection to vaccination derives from a religious belief.  Plaintiff does not describe her religious beliefs or principles in any meaningful way, or how they relate to vaccines generally, or the COVID-19 vaccine specifically.  Put another way, she does not allege that her religion requires her to observe certain medical limitations that include a refusal to take vaccines, or certain types of vaccines.  And there is no specific indication as to how her beliefs or principles have affected other medical decisions in the past.[7]  In short, it does not appear that her opposition to the COVID-19 vaccine in particular derives from a religious belief about vaccines in general, or indeed any preexisting principle of any kind.  Instead, she describes her belief as a result of a personal practice of "praying on it" when faced with difficult life decisions.  (Pl.'s Opp'n at 6).

---

[7] Her religious beliefs appear to include objections to some, but apparently not all, vaccines and medicines; although she did not provide specific examples, she stated that her "religious beliefs and contemplations with God are related to specific items and not all." (*Id.*).

Furthermore, there is no suggestion that the employment requirement at issue was specifically targeted at plaintiff, or those who share her religious faith.  The vaccine requirement arose in the context of a pandemic that resulted in widespread illness and death throughout the Commonwealth and beyond.  It is clearly neutral on its face.  And the DOR is a public employer with a strong interest in protecting the health of its own workers and the citizens that it serves.

Again, while plaintiff is entitled to practice her own individualized form of faith, she is not entitled to a virtually automatic exception from the vaccination requirement, based solely on her own representation that it violates her religious principles on an *ad hoc* basis.  The complaint must allege some plausible set of facts from which it may be reasonably inferred *both* that she believes in or practices a particular form of religion *and* that her religion has a specific tenet or principle that does not permit her to be vaccinated.  It is true that, unlike the plaintiff in *Fallon*, she stated that her objections derive from a belief in God, rather than skepticism over the efficacy or health impacts of the vaccine.  But her unadorned declaration that God had "shown" her that she should not receive the vaccine, without more, is insufficient to establish a plausible basis to infer that the beliefs or practices of her religion prevent her from being vaccinated against COVID-19.

Under the circumstances, the complaint fails to allege sufficient facts to establish a *prima facie* case that the plaintiff's refusal to take the vaccine is based on a religious practice or belief. Accordingly, the complaint fails to state a claim for religious discrimination under Title VII.

## IV.     Conclusion

For the foregoing reasons, the motion of defendant Massachusetts Department of Revenue to dismiss the complaint for failure to state a claim is GRANTED.

**So Ordered.**

<table>
<tr><td></td><td>/s/  F. Dennis Saylor IV</td></tr>
<tr><td></td><td>F. Dennis Saylor IV</td></tr>
<tr><td>Dated: July 20, 2023</td><td>Chief Judge, United States District Court</td></tr>
</table>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**


**Kimberly A. Griffin**
       Plaintiff

                                                   CIVIL ACTION
       V.

                                                   NO.  1:22-11991-FDS


**Massachusetts Department of Revenue**
       Defendant


**ORDER OF DISMISSAL**


Saylor, C. J.


 In accordance with the Court's Memorandum and Order dated July 20, 2023 (Dkt. No. 15), it is hereby ORDERED that the above-entitled action be and hereby is DISMISSED.

                                          By the Court,


 7/20/2023                                /s/ Flaviana de Oliveira
     Date                                       Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIMBERLY A. GRIFFIN,                          )
    Plaintiff,                                )
                        )
          v.                                     )   C.A. No. 1:22-cv-11991-FDS
                        )
MASSACHUSETTS DEPARTMENT OF REVENUE,  )
    Defendant.                                )
                        )

## **NOTICE OF APPEAL**

Notice is hereby given that Kimberly A. Griffin, the Plaintiff in the above-named matter, hereby appeals to the United States Court of Appeals For the First Circuit from the final judgment entered in this action on the 20th day of July, 2023.

Respectfully submitted,

Date: August 8, 2023

Kimberly A. Griffin
PO Box 52
Dracut, MA 01826
Tel: (978) 852-9657
klecgriffin@gmail.com

### **Certificate of Service**

I, Kimberly A. Griffin, certify that I have caused a copy of this Notice of Appeal to be served by emailing the same to Jeffrey Collins, Defendant's Attorney, at jcollins@morganbrown.com on August 8, 2023.

Date: August 8, 2023

Kimberly A. Griffin