UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

NO. 23-1668

_____

KIMBERLY A. GRIFFIN
Plaintiff – Appellant,

v.

MASSACHUSETTS DEPARTMENT OF REVENUE
Defendant – Appellee.

_____

On Appeal from the United States District Court
for the District of Massachusetts

_____

BRIEF OF APPELLEE

_____

Jeffrey T. Collins, Esq.
First Circuit Bar No. 1139870
Special Assistant Attorney General
Jacob J. Thaler, Esq.
First Circuit Bar No. 1202198
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109-2605
Phone: (617) 523-6666
Fax: (617) 367-3125
jcollins@morganbrown.com

Dated: January 2, 2024           Attorneys for Appellee

# TABLE OF CONTENTS

                                                                            **Page(s)**

TABLE OF AUTHORITIES ....................................................................................... ii

STATEMENT OF THE ISSUES ..................................................................................1

STATEMENT OF THE CASE........................................................................................1

STATEMENT OF FACTS ..............................................................................................2

    I.    Relevant Statement of Facts Considered by the District Court ...................2

SUMMARY OF THE ARGUMENT ..............................................................................4

ARGUMENT ...................................................................................................................7

    I.    The District Court Did Not Err In Dismissing Griffin's Action
        Pursuant To Fed. R. Civ. P. 12(b)(6) ...........................................................7

        A.    The Applicable Standard of Review .....................................................7

        B.    The District Court Properly Dismissed Griffin's Complaint
              Because She Failed to Plead Sufficient Plausible Facts To
              Establish that Her Religious Belief or Practice Conflicted
              With the Requirement to be Vaccinated ...............................................9

        C.    Griffin's Argument That the First Amendment Prohibits a
              Court From Assessing Whether or Not She Sufficiently Alleged
              That She Held a Bona Fide Religious Belief That Conflicted
              With the DOR's Vaccine Requirement Lacks Merit .........................16

        D.    Griffin's Argument That the DOR Did Not Engage in An
              Interactive Dialogue Is Contrary to the Undisputed Facts and
              Immaterial to the District Court's Decision ........................................18

CONCLUSION..............................................................................................................19

CERTIFICATE OF COMPLIANCE WITH RULE 32(A)......................................21

CERTIFICATE OF SERVICE ...................................................................................22

i

**Page(s)**

**Cases**

*Africa v. Commonwealth of Pennsylvania*,
662 F.2d 1025 (3d Cir. 1981) ................................................................14

*Ahmed v. Rosenblatt*,
118 F.3d 886 (1st Cir. 1997)....................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................8, 9, 10, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................7, 10

*Berner v. Delahanty*,
129 F.3d 20 (1st Cir. 1997), cert. denied,
523 U.S. 1023 (1998)................................................................................8

*Brox v. Hole*,
590 F.Supp.3d. 359 (D. Mass. 2022)......................................13, 14, 15

*Carrozza v. CVS Pharmacy, Inc.*,
992 F.3d 44 (1st Cir. 2021).....................................................................16

*Cloutier v. Costco Wholesale Corp.*,
390 F.3d 126 (1st Cir. 2004).....................................................10, 11, 18

*EEOC v. Union Independiente de la Autoridad
de Acueductos y Alcantarillados de P.R.*,
279 F.3d 49 (1st Cir. 2002)....................................................................11

*Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*,
877 F.3d 487 (3d Cir. 2017) ..........................................................12, 13

*Farina v. Bd. of Educ.*,
116 F. Supp. 2d 503 (S.D.N.Y. 2000) ..............................................12, 17

**Page(s)**

**Cases**

*Finkbeiner v. Geisinger Clinic*,
623 F. Supp. 3d 458 (M.D. Pa. 2022)........................................................13, 14

*Geerlings v. Tredyffrin/Eastown School District*,
No. 21-CV-4024, 2021 WL 4399672
(E.D. Pa. Sept. 27, 2021) ...........................................................................14

*Hostar Marine Transp. Sys., Inc. v. United States*,
592 F.3d 202 (1st Cir. 2010).......................................................................7

*InterGen N.V. v. Grina*,
344 F.3d 134 (1st Cir. 2003).......................................................................7

*Maldonado v. Fontanes*,
568 F.3d 263 (1st Cir. 2009).......................................................................9

*Mason v. Gen. Brown Cent. Sch. Dist.*,
851 F.2d 47 (2d Cir. 1988) ....................................................................17, 18

*Mass. Sch. of Law v. ABA*,
142 F.3d 26 (1st Cir. 1998)........................................................................8

*Massó-Torrellas v. Municipality of Toa Alta*,
845 F.3d 461 (1st Cir. 2017).......................................................................16

*NM v. Hebrew Acad. Long Beach*,
155 F. Supp. 3d 247 (E.D.N.Y. 2016) ..........................................................17

*Parker v. Hurley*,
514 F.3d 87 (1st Cir. 2008)................................................................... 16, 17

*Passarella v. Aspirus, Inc.*,
No. 22-cv-287-jdp, 2023 WL 2455681
(W.D. Wis. Mar. 10, 2023)....................................................................13, 14

**Cases**

*Sherr v. Northport-East Northport Union Free Sch. Dist.*,
    672 F. Supp. 81 (E.D.N.Y. 1987) ........................................................................12, 18

*Slotnick v. Staviskey*,
    560 F.2d 31 (1st Cir. 1977) .................................................................................9

*Thornton v. Ipsen Biopharmaceuticals, Inc.*,
    No. CV 23-11171-JCB, 2023 WL 7116739
    (D. Mass. Oct. 26, 2023).................................................................10, 13, 14, 15

*Together Employees v. Mass General Brigham Inc.*,
    573 F. Supp. 3d 412 (D. Mass. 2021)...........................................................11, 12

*United States v. AVX Corp.*,
    962 F.2d 108 (1st Cir. 1992).................................................................................8

*Vetter v. Farmland Indus., Inc.*,
    120 F.3d 749 (8th Cir. 1997) .............................................................................11

*Watterson v. Page*,
    987 F.2d 1 (1st Cir. 1993).................................................................................2, 8

*Wilson v. Brown*,
    889 F.2d 1195 (1st Cir. 1989)..............................................................................9

**Statutes**

Civil Rights Act of 1964 Title VII...............................................................*passim*

**Other Authorities**

First Amendment.................................................................................6, 16, 17, 18

Fed. R. Civ. P. 12(b)(6)..............................................................................1, 7, 8, 10

Executive Order No. 595 ....................................................................................2, 3

<u>**STATEMENT OF THE ISSUES**</u>

1.  Did the District Court err in dismissing Griffin's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted due to Griffin's failure to plead sufficient facts to establish that her religious belief or religious practice prevented her from being vaccinated?

<u>**STATEMENT OF THE CASE**</u>

On November 22, 2022, Kimberly Griffin ("Appellant" or "Griffin") filed a complaint with the United States District Court for the District of Massachusetts ("District Court") alleging that the Massachusetts Department of Revenue (the "DOR") discriminated against her on the basis of her religion (the "Complaint"). (Appx 8-12). Specifically, the Complaint alleged that the DOR discriminated against her under Title VII by denying her request for an exemption from the Commonwealth of Massachusetts' ("Commonwealth") COVID-19 vaccine requirement for executive department employees on religious grounds and by terminating her employment due to her admitted failure to comply with the Commonwealth's vaccine requirement.

On February 3, 2023, the DOR filed its Motion to Dismiss Griffin's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Griffin failed to plead sufficient facts to meet the required legal elements of her religious discrimination claim.

On July 20, 2023, the District Court issued an Order granting the DOR's Motion to Dismiss Griffin's Complaint (the "Order") (Appx 43-56). In its Order,

the District Court found that Griffin had failed to allege sufficient facts to establish that the Commonwealth's vaccination requirement conflicted with a sincerely held religious practice or belief. For that reason, the District Court determined that Griffin had failed to establish a *prima facie* case of religious discrimination under Title VII, and dismissed Griffin's Complaint.

On August 8, 2023, Griffin filed a Notice of Appeal as to the District Court's Order. For the reasons explained herein, the District Court's Order should stand in all respects.

## STATEMENT OF FACTS

**I.    Relevant Statement of Facts Considered by the District Court[1] [2]**

On August 19, 2021, the Commonwealth of Massachusetts adopted a mandatory COVID-19 vaccination policy for executive department employees. (Appx 44-45). The policy provided for exemptions for medical or religious reasons. *See* Executive Order No. 595, Implementing a Requirement for COVID-19 Vaccination for the Commonwealth's Executive Department Employees. *Id*.

---

[1] The documents submitted as part of the Appendix are cited to herein as "Appx #"

[2] The District Court relied on the facts alleged in the Complaint and certain documents provided by the parties, including (1) Griffin's request for an exemption (2) a follow up e-mail explaining her responses (3) the DOR's denial of her request (4) Griffin's follow-up emails requesting an opportunity for further reconsideration; and (5) Griffin's e-mail stating her objection to her termination. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (Appx 44).

In October 2021, Griffin submitted a request for a religious exemption from the Commonwealth's vaccine requirement. (Appx 11 at Section III); (Appx 21-24). In Griffin's exemption request form, she stated only "I have a sincerely held religious belief that I should not receive the Covid-19 vaccine." *Id*. When the DOR asked, in writing, as part of the interactive dialogue to expand on how a COVID-19 vaccine conflicts with her asserted sincerely held religious beliefs, Griffin replied, simply:

> "*My sincerely held religious belief is that I should not receive the COVID-19 vaccine. I have closely contemplated with God and have been shown that I should not receive the Covid-19 vaccine. Therefore, the Covid-19 vaccine specifically conflicts with my sincerely held religious belief.*" *Id*.

She further responded that she had held the religious beliefs "[a]s long as [she could] remember," and that her beliefs "include objections to other vaccines and/or medicines." (Appx 23, 45). However, Griffin then refused to provide information concerning any vaccines that she had received in the past or explain why receiving the COVID-19 vaccine was objectionable based on her religious beliefs while receiving other vaccines was not. *Id*.

As a result of Griffin's failure to explain how a COVID-19 vaccine conflicted with any sincerely held religious beliefs and her inability to show how any religious principles guided her objection to the vaccine, Griffin's request for religious exemption was denied by the DOR on October 22, 2021. (Appx 26).

Griffin was thereafter terminated on November 19, 2021 because of her continued refusal to comply with the Commonwealth's COVID-19 vaccine requirement. (Appx 11 at Section III, Appx 46).

## SUMMARY OF THE ARGUMENT

In her Complaint, Griffin alleged that the DOR discriminated against her in violation of Title VII of the Civil Rights Act of 1964 by failing to grant her request for a religious exemption from the Commonwealth's COVID-19 vaccine requirement. After receiving Griffin's request for an exemption from the vaccine requirement, the DOR engaged Griffin in an interactive dialogue. As part of the interactive dialogue the DOR asked Griffin, in writing, to expand on how a COVID-19 vaccine conflicted with her asserted sincerely held religious beliefs. Griffin failed to describe a religious belief or practice of any kind, but rather replied that:

> "*My sincerely held religious belief is that I should not receive the COVID-19 vaccine. I have closely contemplated with God and have been shown that I should not receive the Covid-19 vaccine. Therefore, the Covid-19 vaccine specifically conflicts with my sincerely held religious belief.*"

(Appx 21-24).

In her responses to the DOR's additional requests for information relating to her exemption request, Griffin failed to specify or describe a specific religious principle or practice of any kind that conflicted with Commonwealth's vaccine requirement. Griffin further refused to provide any explanation as to why her religious belief prevented her from receiving the COVID-19 vaccine, but did not

prevent her from receiving other vaccines in the past. Based on Griffin's responses, the DOR determined that Griffin had failed to articulate a sincerely held religious belief or practice, as opposed to an isolated personal choice, that conflicted with the Commonwealth's vaccine requirement. As a result, the DOR denied her request for an exemption on October 22, 2021 and ultimately terminated her employment on November 19, 2021 due to her continued non-compliance with the vaccine requirement.

In order for Griffin to establish a *prima facie* claim of religious discrimination under Title VII, she must plead, at a minimum, sufficient facts plausibly suggesting that she held or followed a *bona fide* religious belief or practice that conflicted with Commonwealth's vaccine requirement. Griffin's Complaint failed entirely to meet this threshold requirement. While the sincerity of Griffin's beliefs were never questioned by either the DOR or the District Court, Griffin failed to set-forth any allegations suggesting that her objection to the COVID-19 vaccine was religious in nature. As was recognized by the District Court, Griffin's single conclusory statement supporting her exemption request that she "closely contemplated with God and have been shown that I should not receive the Covid-19 vaccine," was insufficient as a matter of law to establish that her objection to the vaccine derived from a *bona fide* religious belief as opposed to an idiosyncratic personal belief.

5

On appeal, Griffin largely claims that the District Court's decision was in error because the sincerity of her belief is so clear and undeniable that it could only have been rooted in religion. This argument is without merit. As outlined by the DOR and the District Court, Griffin's argument fails, as the analysis of a *bona fide* religious practice or belief is a two-part test requiring Griffin to show that the belief or practice is <u>both</u> religious and sincerely held.

Griffin also appears to argue, improperly for the first time on appeal, a claim for violation of the free exercise clause of the First Amendment, and that the free exercise clause of the First Amendment prohibits both the DOR and the District Court from assessing whether her belief is truly religious. Griffin, however, has waived this argument by failing to plead a First Amendment claim in her Complaint. Moreover, Griffin's argument that the First Amendment prohibits any inquiry or analysis of the sincerity of her religious beliefs is without merit as it improperly conflates a violation of the free exercise clause of the First Amendment with a claim of religious discrimination under Title VII – the only claim in Griffin's Complaint and therefore at issue on appeal. Indeed, as recognized by the District Court, while Griffin may practice her faith in her own particular way without interference or discrimination, the DOR and the court are nonetheless "empowered to screen claims of religious discrimination that arise out of *bona fide*, facially neutral employment requirements, where the claim of religious practice appears to be entirely ad hoc or

otherwise without a plausible factual basis." (Appx 53-54). In the instant matter,

Griffin's allegations could not withstand this analysis as she failed to allege sufficient

facts to support her claim that her objection to the Commonwealth's vaccine

requirement was based on a *bona fide* religious practice or belief. The District Court

properly dismissed Griffin's claim of religious discrimination under Title VII.

For the reasons explained herein, the District Court's Order dismissing the

Complaint in its entirety should stand in all respects.

## **ARGUMENT**

**I.    The District Court Did Not Err In Dismissing Griffin's Action
Pursuant To Fed. R. Civ. P. 12(b)(6)**

### **A.    The Applicable Standard of Review**

This Court reviews the District Court's granting of a motion to dismiss

under Fed. R. Civ. P. 12(b)(6) *de novo*. *See Hostar Marine Transp. Sys., Inc. v.*

*United States*, 592 F.3d 202, 207 (1st Cir. 2010). The Court is "not wedded to the

lower court's rationale, but, rather, may affirm its order on any independent ground

made manifest by the record." *InterGen N.V. v. Grina*, 344 F.3d 134, 141 (1st Cir.

2003).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must

contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-

pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). This "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). The Court is not obliged to "honor subjective characterizations, optimistic predictions, or problematic suppositions …." *Id*. Moreover, "a reviewing court need not 'swallow plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" *Mass. Sch. of Law v. ABA*, 142 F.3d 26, 40 (1st Cir. 1998) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)).

Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quotation and citation omitted), cert. denied, 523 U.S. 1023 (1998). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Moreover, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to

draw on its judicial experience and common sense." *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief'" and the complaint must therefore be dismissed. *Iqbal*, 556 U.S. at 678 (citing Fed. R. Civ. P. 8(a)).

While a *pro se* complaint is to be construed liberally, "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). As such, the Court will not "fabricate unpleaded facts to support conclusory assertions." *Wilson v. Brown*, 889 F.2d 1195, 1196 n.3 (1st Cir. 1989); *see also Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977) ("Despite language hinting at a wider conspiracy, the plaintiff has failed to plead facts supporting these vague claims, and the courts need not conjure up unpleaded facts to support these conclusory suggestions.").

**B.     The District Court Properly Dismissed Griffin's Complaint Because She Failed to Plead Sufficient Plausible Facts to Establish that Her Religious Belief or Practice Conflicted With the Requirement to be Vaccinated**

In her Complaint, Griffin asserted a single claim of religious discrimination under Title VII based on the DOR's failure to grant her request for an exemption from the Commonwealth's vaccine requirement. Griffin's allegations, however, fail to plausibly suggest the required legal elements of her *prima facie* claim.

First, Griffin's Complaint, as well as her argument on appeal, lacks any true description of her asserted religious beliefs or the reasons that those beliefs prohibit her from receiving a COVID-19 vaccine. The Complaint simply contains conclusory statements that the basis of Griffin's objection to vaccination derives from a religious belief, which should be afforded no weight by this Court. (Appx 11 at Section III). *See Iqbal*, 556 U.S. at 67 (a plaintiff's obligation to provide the grounds of his entitlement to relief' requires more than labels and conclusions ... factual allegations must be enough to raise a right to relief above the speculative level). To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint must set forth the grounds of the plaintiff's entitlement to relief with more than mere "labels and conclusions." *Twombly*, 550 U.S. 544, 555 (2007)). In the instant matter, Griffin must have pled sufficient plausible facts to create an inference that her objection to the Commonwealth's vaccine requirement arose from some specific religious tenet or principle in which she believes. *Thornton v. Ipsen Biopharmaceuticals, Inc.*, No. CV 23-11171-JCB, 2023 WL 7116739, at *3 (D. Mass. Oct. 26, 2023). As the District Court properly concluded, Griffin failed to meet this requirement.

Claims of religious discrimination under Title VII are analyzed under a two-part framework. *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004). First, a plaintiff must make a *prima facie case* "that a *bona fide* religious

practice conflicts with an employment requirement and was the reason for the adverse employment action." *Id*. If the plaintiff establishes a prima facie case, "the burden then shifts to the employer to show that it offered a reasonable accommodation," or if it did not, "that doing so would have resulted in undue hardship. *Id*. "The requirement that the employee have a 'bona fide religious belief' is an essential element of a religious accommodation claim. Title VII does not mandate an employer or labor organization to accommodate what amounts to a 'purely personal preference.'" *EEOC v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R.*, 279 F.3d 49, 55-56 (1st Cir. 2002) (citing *Vetter v. Farmland Indus., Inc.*, 120 F.3d 749, 751 (8th Cir. 1997). Griffin's Complaint failed entirely to allege facts sufficient to meet the first part of this analysis and therefore Griffin did not establish a *prima facie* case of religious discrimination.

To establish the first element – *i.e.* whether or not a plaintiff holds a *bona fide* religious belief – a plaintiff is required to show that her "assertions constitute *religious* beliefs – as opposed to philosophical, medical, or scientific beliefs, or personal fears or anxieties" that conflict with the vaccine requirement. *Together Employees v. Mass General Brigham Inc.*, 573 F. Supp. 3d 412, 440 (D. Mass.

2021).[3]  As the District Court properly noted "it is no answer to simply say that the standard is whether the belief is sincerely held; that means that the two-part standard has been collapsed into a single inquiry."  (Appx 51).

In *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.,* 877 F.3d 487, 488 (3d Cir. 2017), the Third Circuit "considered whether a hospital employee's opposition to influenza vaccination constituted a religious belief."  *Id.*  The court held that plaintiff had not established his *prima facie* case that his objection to the vaccination was a "religious belief," stating, in part:

> It does not appear that [plaintiff's] beliefs address fundamental and ultimate questions having to do with deep and imponderable matters, nor are they comprehensive in nature. Generally, [plaintiff] simply worries about the health effects of the flu vaccine, disbelieves the scientifically accepted view that it is harmless to most people, and wishes to avoid this vaccine. In particular, the basis of his refusal of the flu vaccine—his concern that the flu vaccine may do more harm than good—is a medical belief, not a religious one. He then applies one general moral commandment (which might be paraphrased as, "Do not harm your own body") to come to the conclusion that the flu vaccine is morally wrong. This one moral commandment is an "isolated moral teaching"; by itself, it is not a

---

[3] *See also Farina v. Bd. of Educ.*, 116 F. Supp. 2d 503, 508 (S.D.N.Y. 2000) (finding that objection to vaccination was personal rather than religious in claim brought under the free exercise clause); *Sherr v. Northport-East Northport Union Free Sch. Dist.,* 672 F. Supp. 81, 94 (E.D.N.Y. 1987) (similar); EEOC Pandemic Guidance, at L2 ("Title VII does not protect social, political, or economic views or personal preferences.  Thus, objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs, practices, or observances under Title VII").

comprehensive system of beliefs about fundamental or ultimate matters.

*Fallon v. Mercy Cath. Med. Ctr. of Se. Pa., supra*, at 488 (emphasis added).

In *Brox v. Hole*, 590 F.Supp.3d. 359, 366, n. 7 (D. Mass. 2022), the District Court specifically found that reasons for objecting to the Commonwealth's vaccine requirement including "Jesus tells me that it is unwise to put the COVID vaccine into my body, his creation" and "I am afraid that it will kill me" were not grounded in religious practice, but were rather "expressions of idiosyncratic personal belief." In *Thornton*, the District Court similarly found that an employee had failed to articulate a *bona fide* religious belief or practice when she stated that she was prevented from receiving the COVID-19 vaccine because "what God has created is perfect" and that "it would violate my sincerely held religious beliefs and jeopardize my soul and eternal salvation to go against God by defiling my perfectly created body that He created in His image by receiving the vaccine" *See Thornton*, 2023 WL 7116739 at *4. Courts in other jurisdictions have reached the same conclusion when faced with articulated beliefs similar to those of Griffin. *See Passarella v. Aspirus, Inc.,* No. 22-cv-287-jdp, 2023 WL 2455681, at *5 (W.D. Wis. Mar. 10, 2023) (employee's statement that she refuses the COVID-19 vaccine "as a Christian," because her "body is a temple of the Holy Spirit" did not articulate religious belief); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465-66 (M.D. Pa. 2022) (plaintiff's belief that COVID-19 vaccine was harmful and

13

unnecessary and interfered with her "God given right to make [her] own choices" was not religious); *see also Geerlings v. Tredyffrin/Eastown School District*, No. 21-CV-4024, 2021 WL 4399672, at *7 (E.D. Pa. Sept. 27, 2021) (in challenge to mandatory mask policy in schools to mitigate spread of COVID-19, the court found that the belief that "the body is a temple and should not be harmed" is a medical or healthy living practice, not a religious practice).

Here, similar to the objections raised by the plaintiffs in both *Brox and Thornton* (as well as *Passarella*, *Finkbeiner* and *Geerlings*), Griffin's stated reasons for her objection to the COVID-19 vaccine cannot be said to be religious in nature. First, Griffin's conclusory statement that she had "religious beliefs" is insufficient to plausibly state a claim. *See Iqbal*, 556 U.S. at 678. Further, Griffin states in her exemption request only that she "closely contemplated with God and have been shown that I should not receive the Covid-19 vaccine." (Appx 11 at Section III). A single conclusory statement of religious belief cannot grant an individual "a blanket privilege 'to make his own standards on matters of conduct in which society as a whole has important interests.'" *Africa v. Commonwealth of Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981) (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972). In her argument addressing this very issue on appeal, Griffin again fails to articulate any facts alleged in her Complaint or otherwise to suggest that her objection to getting the vaccine was rooted in a *bona*

14

*fide* religious belief or practice.  Rather Griffin repeats the same argument made to the District Court that, because she told the DOR that her decision not to get the vaccine stemmed from a conversation or directive from God that it automatically translates to a *bona fide* religious objection.  However, as detailed herein and as outlined in the District Court's Order, those facts alone are insufficient as a matter of law to establish that her objection to getting the vaccine stemmed from a *bona fide* religious belief or practice.  *See Thornton,* 2023 WL 7116739 at *4; *Brox*, F.Supp.3d. at 366, n. 7.

As Griffin did not allege sufficient plausible facts to identify a *religious* practice that conflicts with the vaccine requirement, it is undisputed that her opposition to the vaccine was based primarily on expressions of idiosyncratic personal belief rather than any *bona fide* religious belief.  *See id*.  As the District Court concluded, Griffin's "unadorned declaration that God had 'shown' her that she should not receive the vaccine, without more, is insufficient to establish a plausible basis to infer that the beliefs or practice of her religion prevent her from being vaccinated against COVID-19."  (Appx 55)

Accordingly, because Griffin failed to assert plausible allegations demonstrating any sincerely held religious beliefs, she cannot maintain her claim for religious discrimination under Title VII.

**C.** **Griffin's Argument That the First Amendment Prohibits a Court From Assessing Whether or Not She Sufficiently Alleged That She Held a *Bona Fide* Religious Belief That Conflicted With the Commonwealth's Vaccine Requirement Lacks Merit[4]**

Griffin argues for the first time on appeal that the free exercise clause of the First Amendment prohibits courts from conducting any inquiry into whether a claimant's beliefs are in fact religious. At the outset, Griffin's argument has been waived due to her failure to raise it at the trial court level. *See Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 59 (1st Cir. 2021) (quoting *Thomas v. Rhode Island*, 542 F.3d 944, 949 (1st Cir. 2008) (internal quotations omitted) (Appellants cannot raise an argument on appeal that was not squarely and timely raised in the trial court).

Moreover, Griffin's argument, and the case law she cites in support, are inapposite. Each of the cases relied upon by Griffin involve an analysis of whether a state actor violated the free exercise clause of the First Amendment as opposed to Title VII on grounds of religious discrimination. Regardless, the free exercise clause, importantly, is not a general protection of religion or religious belief. It has a more limited reach of protecting the *free exercise* of religion. *Parker v. Hurley*,

_____

[4] While it is unclear, it appears Griffin may be attempting to raise a claim – for the first time on appeal – for violation of the free exercise clause of the First Amendment. To the extent Griffin attempts raise such a claim, it has been waived. *See Massó-Torrellas v. Municipality of Toa Alta*, 845 F.3d 461, 464 (1st Cir. 2017) (dismissing plaintiffs' First Amendment claim on appeal because plaintiffs had not pled a First Amendment claim in their Complaint).

514 F.3d 87, 103 (1st Cir. 2008). Courts have consistently rejected the argument that the free exercise of religion clause of the First Amendment prohibits courts and government employers from making a determination as to whether an employee's vaccine objection is based on personal or secular reasons rather than religious considerations. *See Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51–52 (2d Cir. 1988); *Farina v. Bd. of Educ.*, 116 F. Supp. 2d 503, 508 (S.D.N.Y. 2000); *NM v. Hebrew Acad. Long Beach*, 155 F. Supp. 3d 247, 257–59 (E.D.N.Y. 2016). As the District Court properly concluded, "Courts are not required to accept, at face value, any claim that a particular employment practice violates a religious requirement. And courts cannot be limited solely to a determination of the subjective sincerity of the employee's religious belief." "Court[s] may, as in any state of mind inquiry, draw inferences from the plaintiffs' words and actions, in determining whether they hold genuine and sincere religious beliefs against inoculations." *Farina v. Bd. of Educ.*, supra, 116 F. Supp. at 508. Even when the facts show that plaintiffs are devoutly religious, denial of exemptions is appropriate where the plaintiffs' opposition to vaccination is a selective personal belief, as opposed to a religious one. *NM v. Hebrew Acad. Long Beach*, supra, 155 F. Supp. at 258.

As outlined above and as detailed in the District Court's Order, an individual's assertion that a belief is religious does not automatically make it so.

*Mason v. Gen. Brown Cent. Sch. Dist.*, supra, 851 F.2d at 51; see also *Sherr*, 672 F. Supp. at 94. "To the contrary, 'a threshold inquiry into the "religious" aspect of particular beliefs and practices cannot be avoided,' if [courts] are to determine what is in fact based on religious belief, and what is based on secular or scientific principles." *Mason*, 851 F.2d at 51 (internal citations omitted). Griffin failed to allege sufficient facts to establish that her objection to getting the vaccine was based on a *bona fide* religious belief or practice as opposed to an idiosyncratic personal belief. Therefore, for the reasons enumerated above, and because Griffin waived her right to argue a claim under the First Amendment, Griffin has failed to state a claim upon which relief can be granted.

**D.      Griffin's Argument That the DOR Did Not Engage in An Interactive Dialogue Is Contrary to the Undisputed Facts and Immaterial to the District Court's Decision**

Griffin also argues on appeal that her Complaint should not have been dismissed because the DOR did not engage in an interactive dialogue. At the outset, Griffin's argument is immaterial to the District Court's Order dismissing the Complaint. As detailed *supra*, Griffin failed to meet the threshold burden of alleging sufficient facts to establish that she had a *bona fide* religious belief or practice that conflicted with the Commonwealth's vaccine requirement. *See Cloutier v. Costco Wholesale Corp.*, 390 F.3d at 133. Absent such facts, it was not

necessary for the District Court, or this Court on appeal, to reach the question of whether the DOR engaged in the interactive dialogue.

Regardless, this argument is plainly belied by the undisputed facts relied upon by the District Court in its ruling. The District Court's Order, and Griffin's own argument on appeal, detail the interactive dialogue that took place between the parties in October of 2021. Specifically, Griffin's request for religious exemption, the DOR's response to Griffin requesting additional details about her objection to the vaccine requirement, Griffin's response to those questions, and the DOR's response to Griffin with its decision concerning her exemption request for an accommodation show that employer and employee properly engaged in an interactive dialogue. (Appx 21-24). It cannot therefore be said that the DOR failed to engage in an interactive dialogue with Griffin when evaluating her exemption request. Griffin's contention that the District Court's ruling should be reversed on this basis should be rejected.

## CONCLUSION

For the foregoing reasons, the DOR respectfully requests that this Court affirm the Order and Judgment of the District Court to dismiss Griffin's Complaint with prejudice.

Respectfully submitted,

MASSACHUSETTS DEPARTMENT
OF REVENUE,

By Its Attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ Jeffrey T. Collins
Jeffrey T. Collins, Esq.
First Circuit Bar No. 1139870
Special Assistant Attorney General
Jacob J. Thaler, Esq.
First Circuit Bar No. 1202198
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109
Tele: (617) 523-6666
Fax: (617) 367-3125
jcollins@morganbrown.com
jthaler@morganbrown.com

January 2, 2024

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4674 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point font.

*/s/ Jeffrey T. Collins*
Attorney for Appellee

January 2, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on this date, January 2, 2024, the foregoing Brief for the Defendant/Appellee was filed electronically with the United States Court of Appeals for the First Circuit by using the CM/ECF system and was served on Plaintiff/Appellant by email at klecgriffin@gmail.com.

/s/ Jeffrey T. Collins
Attorney for Appellee